# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM L. FAMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-0398-DGK |
| ) | |
| UBER TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR EMERGENCY INJUNCTIVE RELIEF

This lawsuit arises from Defendant Uber Technologies, Inc.'s ("Uber") decision to deactivate *pro se* Plaintiff William L. Fambrough's driving account, a decision which meant Plaintiff could no longer drive for Uber.

Now before the Court is Plaintiff's Motion for Emergency Injunctive Relief (Doc. 3) which the Court construes as a motion for a temporary restraining order. Plaintiff asks the Court to order Uber to reactivate his driver account immediately.

After carefully reviewing the motion and the existing record, the Court holds Plaintiff has not met his burden of proof for the Court to issue a temporary restraining order.

### Background

Read liberally, the Complaint (Doc. 1-1) alleges Uber terminated Plaintiff's driver account solely as the result of using a facial recognition application that has difficulty recognizing black skin such as Plaintiff has. This software wrongly reported that Plaintiff was using someone else's photo for verification, which led to Uber deactivating Plaintiff's driving account. Thus, Plaintiff

claims the deactivation was based on the color of his skin, and not on just cause as required by the parties' agreement.[1]

**Standard for Issuance of a Temporary Restraining Order**

In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v. Ninth Street Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). A temporary restraining order "is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *North Dakota v. U.S. Army Corps of Eng'rs*, 264 F. Supp. 2d 871, 878 (N.D. 2003) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

**Discussion**

**A.     Plaintiff has not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Development*, 507 F.Supp.2d at 1036-37. In this case, it appears an award of damages could fully compensate Plaintiff for any loss he has suffered. Although Plaintiff cannot drive for Uber in the interim without the injunctive relief he seeks, an award of

---

[1] It is unclear what this agreement is. Plaintiff has not attached any agreement to the Complaint, nor does one appear elsewhere in the record. Plaintiff appears to be referring to either Uber's rules of conduct for drivers, or some sort of independent contractor agreement, neither of which are part of the existing record.

monetary damages could compensate him for this harm. Thus, there is no threat of irreparable harm.

**B.  Plaintiff has shown that the balance of harms favors issuing a TRO.**

Plaintiff argue that without injunctive relief, he will suffer substantial harm because he is virtually broke and needs the income he earns from driving for Uber to pay his bills. Plaintiff claims Uber will not suffer any harm if the injunction is granted; in fact, it will benefit, because it will deduct approximately thirty percent from Plaintiff's earnings as a driver.

Based on the existing record, this factor favors issuing an injunction.

**C.  Plaintiff has not shown a likelihood of success on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is *sufficiently likely* to support the kind of relief it requests. *Id*. (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485.

Plaintiff has not shown any likelihood of success on the merits because he has not shown the existence of any agreement, much less shown that Uber violated it. Hence, the Court cannot find Plaintiff has shown a fair chance of prevailing.

**D.  The public interest is not implicated here.**

Finally, the Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Although the public has an interest in swiftly enforcing contracts, it is unclear whether the parties even had an agreement here, much less what the parties' rights and obligations were under it. Thus, the public interest does not weigh in favor of either side.

**Conclusion**

For the reasons discussed above, the Court finds Plaintiff has not met his burden of demonstrating the need for injunctive relief. Plaintiff's Motion for Emergency Injunctive Relief (Doc. 3) is DENIED.

**IT IS SO ORDERED.**

Date:   June 7, 2019                              /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT