IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. FAMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-0398-DGK |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO VACATE ARBITRATION AWARD

This lawsuit arises from Defendant Uber Technologies, Inc.'s ("Uber") deactivation of *pro se* Plaintiff William L. Fambrough's driving account. After Plaintiff filed his lawsuit, the Court stayed the case while parties proceeded to binding arbitration. The arbitrator, a retired judge, ruled in Defendant's favor on Plaintiff's claims of breach of contract, racial discrimination, and breach of a verbal settlement agreement. Arbitrator's Final Award at 1, Doc. 25-1.

Now before the Court is Plaintiff's "Motion to Vacate Arbitration Award With Notice of Plaintiff's Request for Appeal." ECF No. 24. Plaintiff moves the Court to vacate the arbitration award in Uber's favor and grant his request for an appeal "because the award is subject to one or more of the grounds set forth in the FAA for vacating an award." Mot. at 1.

"Where parties agree to arbitrate, a court cannot substitute a judicial determination for the arbitrator's decision." *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1064 (8th Cir. 2003). When considering whether to enforce or vacant an arbitral award, courts afford extraordinary deference to arbitrators. *Crawford Grp., Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008). Arbitrators have broad authority, and their decisions are subject to limited judicial review. *McGann v. First Albany Corp.*, 424 F.3d 743, 748-49 (8th Cir. 2005).

The Federal Arbitration Act ("FAA") sets forth limited and specific reasons for vacating an arbitration award. *Id.*, *see also* 9 U.S.C. § 10(a). Under the FAA, a district court can vacate an arbitration award only for the following reasons: (1) the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrator; (3) where the arbitrator was guilty of misconduct in refusing to hear pertinent evidence material to the controversy; and (4) where the arbitrator exceeded their powers. 9 U.S.C. § 10(a)(1)-(4).

Plaintiff alleges three of these four things occurred here. The award was procured by corruption, fraud, or undue means because Uber objected to certain information Plaintiff wanted to introduce at the arbitration hearing, and the arbitrator upheld its objections, and because Uber made false statements about the driving applications functionality that led the arbitrator to believe Plaintiff's claims were without merit. The arbitrator displayed partiality to Uber by discounting or rejecting multiple arguments concerning how Uber discriminated against him. And the arbitrator exceeded his powers because his decision is "completely irrational and manifests a disregard of the law" in that it failed to award Plaintiff any amount of money, wrongly discounting his damages as nominal. Reply at 7, Doc. 27.

The Court notes that it has very little power to vacate the arbitrator's award. *McGann*, 424 F.3d 748-49. In fact, the Eighth Circuit Court of Appeals has cautioned that "[c]ourts have absolutely no authority to reconsider the merits of an arbitration award, even when the parties allege the award rests on factual errors or on a misinterpretation of the underlying contract." *Id*. at 748. In the present case, after carefully reviewing the record, the Court cannot find the award was procured by corruption, fraud, or undue means; that the arbitrator was partial or corrupt; or that the arbitrator exceeded his powers.

Accordingly, Plaintiff's motion to vacate the award is DENIED. Plaintiff's motion to grant an appeal of the arbitrator's award is also DENIED because the Court lacks the power to grant this request.

A copy of this order is being mailed to Plaintiff at his last known address.

**IT IS SO ORDERED.**

Date:  April 21, 2022                               /s/ Greg Kays
                                                                              GREG KAYS, JUDGE
                                                                              UNITED STATES DISTRICT COURT